UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PABLO FELIPE GONZALEZ,

                              Petitioner,

v.

JAMES JANECKA, et al.,

                              Respondents.

Case No. 5:26-cv-04046-SSC

MEMORANDUM AND ORDER

On July 20, 2026, Petitioner Pablo Felipe Gonzalez filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241.  (ECF 1.)  Petitioner is a noncitizen[1] who is in Immigration and Customs Enforcement (ICE) custody at the Adelanto ICE Processing Center in Adelanto, California.  (*Id.* at 2, 4.)

---

[1] Petitioner is a citizen of Mexico.  (ECF 1 at 4.)

Under the Immigration and Nationality Act (INA), the term "alien" means "any person not a citizen or national of the United States."  8 U.S.C. § 1101(a)(3).  Following the lead of the U.S. Supreme Court and the Ninth Circuit, the Court uses the term "noncitizen" in place of "alien."  *See Patel v. Garland*, 596 U.S. 328 (2022) (Barrett, J.); *United States v. Palomar-Santiago*, 593 U.S. 321 (2021) (Sotomayor, J.); *Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" (citing 8 U.S.C. § 1101(a)(3))); *Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023); *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018).

The petition alleges the following facts.  Petitioner "last entered the United States in or about March 2007[,]" and he has lived in the United States continuously since then.  (*Id.* at 6.)  He "was never placed in expedited removal, never referred for a credible fear interview, and has never been subject to any order of removal."  (*Id.* at 7.)  He is married, and "together they are raising seven children[,]" five of whom are U.S. citizens.  (*Id.*)  Petitioner "has never been convicted of any crime; his record is limited to minor traffic infractions."  (*Id.* at 10.)

Early on the morning of May 10, 2026, ICE officers "conducted a targeted enforcement operation in Thermal, California, seeking to locate a different individual—not Petitioner—who was the subject of a final administrative order of removal."  (*Id.* at 8.)  As alleged and as reflected in the Form I-213 attached to the petition as an exhibit, officers stopped the vehicle Petitioner was driving because they "observed a vehicle departing the target location with a male driver matching" the description of the third-party target.  (*Id.* at 8; ECF 1-1 at 18.)  The officers took Petitioner into custody and later served him with a Notice to Appear charging him with removability under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an noncitizen present in the United States without admission or parole.  (ECF 1 at 8–9.)

On June 4, 2026, "following a video hearing," the immigration judge (IJ) denied bond on jurisdictional grounds.  (*Id.* at 9.)  The written order of the IJ found "no jurisdiction to proceed in adjudicating bond reconsideration request under INA § 236(a)," and the IJ concluded that Petitioner "surreptitiously entered the United States" and therefore "falls within the ambit of INA § 235(b)(2)(A)."  (*Id.*; ECF 1-1 at 14.)  The IJ made no individualized finding that Petitioner presented a danger to the community or a risk of flight.  (ECF 1 at 9; ECF 1-1 at 14.)

Petitioner claims that he is a member of the *Maldonado Bautista* bond-eligible class and that Respondents violated the Immigration and Nationality Act and the final judgment in *Maldonado Bautista*, the Administrative Procedure Act, and the Fourth and Fifth amendments by denying Petitioner a bond hearing.  (*Id.* at 2, 13–15.)  The petition requests that the Court order Respondents to immediately release Petitioner or, alternatively, order Respondents to release Petitioner unless they provide an individualized custody redetermination hearing before an IJ within seven days, "applying § 1226(a) and the individualized factors identified in *Matter of Guerra*, 24 I&N Dec. 37 (BIA 2006), and without denying jurisdiction on the categorical ground that INA § 235(b)(2)(A) applies[.]"[2]  (*Id.* at 16.)  The petition also requests that the Court award attorney's fees and costs under the Equal Access to Justice Act (EAJA).[3]  (*Id.*)

Respondents answered, conceding that Petitioner "appears to be a member of the Bond Eligible Class" in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 813 F. Supp. 3d 1084 (C.D. Cal. 2025).  (ECF 8 at 2.)  Respondents stated that they "do not oppose the merits of the Petition to the extent it seeks habeas relief in the form

[2] The petition also requests "in the further alternative" that the Court "conduct such bail proceedings as the Court deems necessary to provide complete and effective habeas relief[.]"  (ECF 1 at 16.)

[3] To recover prevailing-party fees under the Equal Access to Justice Act (EAJA), counsel must file a separate motion for such fees within thirty days of final judgment in the action.  *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). The Supreme Court recently granted certiorari to decide if the EAJA applies to an action seeking a writ of habeas corpus to challenge civil immigration detention.  *See Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057, at *1 (U.S. June 29, 2026).

of a *Bautista* bond hearing before an immigration judge pursuant to Section 1226(a)" and "acknowledge that Petitioner's claims in this action appear to be subject to the Bautista judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it." (*Id.*)  They requested that assuming the Court orders a hearing, "the timing of the hearing be consistent with what Courts in this District have generally ordered, which is to require that the hearing be provided within seven days, as Petitioner requests." (*Id.*)

Here, both parties effectively agree that Petitioner is entitled to an "individualized custody determination" under 8 U.S.C. § 1226(a). Further, since briefing in this matter, the Ninth Circuit decided *Rodriguez Vazquez v. Bostock*, which held that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026).  The case involved a class of unadmitted noncitizens present in the United States. *Id.* at *10.  That class is analogous to the one in *Maldonado Baustista.*  Though the relief in *Rodriguez Vasequez* was declaratory, the Ninth Circuit also explained that "[a] § 1226(a) detainee will be released on bond if he demonstrates by a preponderance of the evidence that he is not a flight risk or a danger to the community." *Id.* at *5.  Accordingly, the Court imposes that standard below.

## ORDER

**IT IS ORDERED** that Judgment shall be entered (1) granting the petition; and (2) enjoining Respondents from continuing to detain Petitioner unless no later than **August 12, 2026**, Petitioner is provided

4

with an individualized bond hearing before a neutral immigration judge in accordance with 8 U.S.C. § 1226(a).

DATED: August 5, 2026

_____
HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE